# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 03-2540 (RCL) |
| $6,976,934.65 PLUS INTEREST DEPOSITED INTO ROYAL BANK OF SCOTLAND INTERNATIONAL, | ) |
| Defendant, and | ) |
| SOULBURY LIMITED, | ) |
| Claimant. | ) |

## MEMORANDUM & ORDER

On March 21, 2007, the Court issued an Order and Memorandum Opinion [58 & 59], *see United States v. $6,976.934.65 Plus Interest Deposited Into Royal Bank of Scotland Int'l*, 2007 U.S. Dist. LEXIS 19622 (D.D.C. Mar. 21, 2007) ("*Soulbury*"), which denied claimant Soulbury's motion for judgment on the pleadings and ordered limited discovery as to whether Soulbury's claim should be barred by the fugitive disentitlement statute, 28 U.S.C. § 2466. Soulbury moves [60] for reconsideration of that Order, arguing that the Court failed to consider its "threshold" venue challenge before considering the disentitlement issue, which "clearly requires an inquiry into the merits," even though the merits of a case should never be considered until all "threshold" issues have been dealt with. Mem. in Supp. of Mot. for Reconsideration [60] at 4 (citing *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83 (1998) and *Sinochem Int'l Co. Ltd. v.*

1

*Malaysia Int'l Shipping Corp.*, 127 S.Ct. 1184 (Mar. 5, 2007)).

The Court's Opinion stated that a § 2466 motion is "properly treated as one to dismiss the claim," *Soulbury* at *16, in contrast to a motion to strike a pleading under Rule 12(f), but made crystal clear that application of the disentitlement statute, while discretionary in nature, is otherwise most similar to a subject matter jurisdiction or standing inquiry, not a merits inquiry. *Id.* at *11-17. It was explained at great length that the Court was not reaching the merits, but instead was conducting a threshold inquiry "concerned, at heart, with a person's eligibility to invoke the authority of a court, and with the court's deployment of judicial resources." *Id.* at *15.

The Supreme Court has made clear that a federal court must resolve all "threshold" issues, such as subject matter jurisdiction and personal jurisdiction, before reaching the merits of a case. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83 (1998). The high court has acknowledged, however, "that a federal court has leeway 'to choose among threshold grounds for denying audience to a case on the merits.'" *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 127 S.Ct. 1184 (Mar. 5, 2007) (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 585 (1999)). A venue challenge need not take precedence over a disentitlement inquiry, then, because both are threshold issues.

The doctrine of fugitive disentitlement states that until fugitives "are willing to submit their case for complete adjudication, win or lose, they are '[disentitled] to call upon the resources of the court for determination of [their] claims." *Dawkins v. Mitchell*, 437 F.2d 646, 648 (D.C. Cir. 1970) (quoting *Molinaro v. New Jersey*, 396 U.S. 365, 366 (1970)). The doctrine's emphasis on the use of judicial powers and the propriety of a party's attempt to invoke those powers is reminiscent of the other threshold inquiries. It bars a claimant from invoking judicial

2

process and waives all of his defenses – and improper venue is a waivable defense – such that if disentitlement applies here, this case will be, "by operation of the fugitive from justice doctrine, essentially an uncontested action." *United States v. One Parcel of Real Estate at 7707 S.W. 74th Lane*, 868 F.2d 1214, 1217 (11th Cir. 1989). Disentitlement is thus a "threshold" issue, as envisioned by these cases, albeit one that is likely to produce a different prevailing party.

The fact that disentitlement rests in the Court's discretion – unlike subject matter or personal jurisdiction – does not make it less of a threshold issue. *See Ruhrgas* at 585 (district court may properly invoke a discretionary basis for not proceeding to the merits without first considering other, non-discretionary threshold issues) (citing *Moor v. County of Alameda*, 411 U.S. 693, 715-16 (1973) (declining jurisdiction of state-law claims on discretionary grounds) *and Ellis v. Dyson*, 421 U.S. 426, 433-34 (1975) (invoking *Younger* abstention prior to considering case or controversy requirement)). The distinction between threshold matters that are discretionary and those that are not is beside the point so as long as the court "decided, not a merits question before a jurisdictional question, but a discretionary jurisdictional question before a nondiscretionary jurisdictional question." *Steel Company*, 523 U.S. at 100 n.3 (citing *Moor*, 411 U.S. 693). Of course, since disentitlement is a decision on whether to wield judicial authority on behalf of a party, it presupposes such authority. Therefore, while a decision on disentitlement could be made prior to reaching waivable or discretionary threshold issues, it never could pretermit the bedrock determination of subject matter jurisdiction.

The very case upon which Soulbury relies involved a *forum non conveniens* analysis, similar to the inquiry in this case because it involved the court's discretionary judgments and, like a number of threshold issues, "involve[d] a brush with 'factual and legal issues of the

underlying dispute.'" *Sinochem* at 1192 (quoting *Van Cauwenberghe v. Biard*, 486 U.S. 517, 529 (1988)); *see also Prevot v. Prevot*, 59 F.3d 556, 565-66 (6th Cir. 1995) (common law fugitive disentitlement doctrine draws on same inherent authority of court as common law *forum non conveniens* doctrine). Just like *forum non conveniens*, which "involves a deliberate abstention from the exercise of jurisdiction," *Sinochem* at 1190 (quoting *In re Papandreou*, 139 F.3d 247, 255 (D.C. Cir. 1998)), disentitlement involves a court's decision to abstain from exercising its jurisdiction, in this case because the party is disentitled from availing itself of that jurisdiction.

Indeed, the fugitive disentitlement statute, which holds that a particular kind of party may not proceed with a particular kind of claim, is similar to the rule in *Totten v. United States*, 92 U.S. 105 (1876), which holds in short that public policy forbids the maintenance of a suit against the United States to enforce secret espionage agreements. In *Tenet v. Doe*, 544 U.S. 1 (2005), the Supreme Court held that the *Totten* rule "represents the sort of 'threshold question' we have recognized may be resolved before addressing jurisdiction." *Id.* at 7 n.4.

*Sinochem* and its forebears thus make clear that there generally is not a rigid hierarchy among "threshold" issues, so there is no bar to the Court considering the threshold issue of disentitlement prior to the threshold issue of venue in this case. Moreover, the *Sinochem* type of case presents alternative grounds for dismissal, such that the prevailing party remains the same, and the core question is really the court's authority to tweak its order of operations. In cases of disentitlement, however, the order of operations may determine who prevails. Section 2466 empowers a court of competent jurisdiction to disentitle a fugitive, thus stripping him of any defenses he may have, including his objection that the court in which the case has been brought is not the proper one. The application of § 2466 thus should be resolved as a threshold matter

4

before the putative fugitive is allowed to invoke the court's jurisdiction to consider threshold defenses that favor him and do not go to subject matter jurisdiction. *See Armentero v. INS*, 412 F.3d 1088 (9th Cir. 2005) (invoking common law disentitlement before reaching merits, where merits were bound up with the issue of proper forum); *United States ex rel. Baily v. Commanding Officer*, 496 F.2d 324 (1st Cir. 1974) (upon finding subject matter jurisdiction present, invoked fugitive disentitlement before considering mootness); *cf. Guardianship of Ariana K.*, 120 Cal. App. 4th 690 (Cal. Ct. App. 2004) (court invoked state disentitlement doctrine after determining subject matter jurisdiction, but before considering venue).

The fact that some limited discovery is necessary here does not change the order of operations; avoiding the burden of discovery is only a factor where a court is choosing among alternate threshold grounds for dismissing a case. *See generally, Sinochem*, 127 S.Ct. 1184. *See also United States v. 479 Tamarind Dr.*, 2005 U.S. Dist. LEXIS 23819 at *12-13 (S.D.N.Y. 2005) (ordering limited discovery to determine if individual's fugitive status should be applied to claimant corporation, before ruling on standing issue); *cf. Ruhrgas*, 526 U.S. at 580 (district court properly dismissed on personal jurisdiction grounds, after limited discovery, without ruling on subject matter jurisdiction).

For the foregoing reasons, the Motion for Reconsideration [60] is DENIED.

SO ORDERED.

Signed by United States District Judge Royce C. Lamberth, May 9, 2007.